# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1377V
Filed: May 31, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ELIZABETH GLICK, | |
| Petitioner, | Ruling on Entitlement; Concession; |
| v. | Influenza Vaccination; |
| | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*John Howie, Jr., Howie Law, PC, Dallas, TX,* for petitioner.
*Camille Collett, U.S. Department of Justice, Washington, DC,* for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On October 21, 2016, Elizabeth Glick ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the influenza vaccination she received on October 22, 2013. Petition at 1, ¶¶ 1, 3, 18, 12. Petitioner further alleged that she has suffered the residual effects of her injury for more than six months and has not file a civil action or received compensation for her injuries alleged as vaccine caused. *Id.* at ¶¶ 16-17. The case was assigned to the Special Processing Unit of the Office of Special Masters. On November 14, 2016, petitioner filed an amended petition which included citations to relevant portions of the medical records filed. *See* Amended Petition (ECF No. 11).

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

On May 31, 2017, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent "has concluded that a preponderance of evidence establishes that petitioner's SIRVA was caused-in-fact by the administration of the flu vaccine she received on October 22, 2013; and that no other causes for SIRVA were identified."  *Id.* at 5 (citation omitted).  Respondent further indicates that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
