# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-01377V
Filed: August 9, 2017
UNPUBLISHED

| | |
|---|---|
| ELIZABETH GLICK,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*John Robert Howie, Jr.,* Howie Law, PC, Dallas, TX, for petitioner.
*Camille Michelle Collett,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On October 21, 2016, Elizabeth Glick ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the influenza vaccination she received on October 22, 2013. Petition at 1, ¶¶ 1, 3, 18, 12. On July 18, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 26).

  On August 7, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion.") (ECF No. 29).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner requests attorneys' fees in the amount of $26,753.90 and attorneys' costs in the amount of $1,404.84 for a total amount of $28,158.74. *Id.* at 1. In compliance with General Order #9, petitioner's counsel has filed a signed statement from petitioner stating he incurred no out-of-pocket expenses. *See* General Order #9 Statement, filed as 5th Attachment to Pet. Motion (ECF No. 29-5)*.*

On August 8, 2017, respondent filed a response to petitioner's motion. (ECF No. 30). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On August 9, 2017, by email (copying respondent's counsel on the correspondence), the OSM staff attorney managing this SPU case confirmed with petitioner's counsel that petitioner did not wish to file a reply in this case. *See* Informal Remark, dated Aug. 9, 2017.

The undersigned has reviewed the billing records submitted with petitioner's request. Petitioner's counsel has requested an increase in rates previously requested for work performed in 2015-16[3] and rates for work performed in 2017. *See* Pet. Motion at 1 (Table of requested rates). The undersigned recently awarded the rates requested in this case in several SPU cases, *Murray* 16-575V and *English* 16-825V.[4] As stated in *Murray*, the requested rates are within the range corresponding to the experience of the attorneys involved.[5] Furthermore, the undersigned finds the requested rates to be appropriate given the attorneys' experience and high quality of work. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (discussing the factors which should be considered when determining an attorney's appropriate hourly rate). In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

---

[3] For example, petitioner's counsel has requested an increase in his rate for work performed in 2015-16 from $300 per hour to $350 per hour.

[4] After allowing time for the parties to file any motion for redaction, these decisions will be posted to the court's website, www.uscfc.uscourts.gov.

[5] *See* http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited on July 19, 2017) (for the OSM's 2015-16 Fee Schedule); http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited on July 19, 2017) (OSM's 2017 Fee Schedule).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $28,158.74[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel John Robert Howie, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.